McCauley, J.
The action in the common pleas was brought by the Van Wert County Bank against the plaintiff in error and others as stockholders in the Van Wert Woolen Mills, a corporation. The petition averred amongst other things, that the woolen mills was indebted to the plaintiff by judgment, that it was insolvent, and that the plaintiff in error and others were stockholders in the corporation and prayed for a finding of the indebtedness of the corporation, and that an assessment be made upon- the stockholders to pay and discharge this indebtedness.
The return of the summons issued in the case shows that the persons mentioned in the petition as stockholders were all served but two, L. W. Moss and J. R. Kling, and as to them the return is silent, and it does not appear that they were in any way brought before the court. Two of the defendants filed answers setting up claims against the corporation. The amounts owing by the corporation to the bank and to the defendants who set up their claims were found by the court, and this amount exceeded the amount of stock alleged to have been owned by all the stockholders who were before the court.
Judgment was thereupon given for the plaintiff and the defendants who set up their claims, against the stockholders who had been served with summons, for a sum equal to the full amount of stock owned by each of them. The court also found that two of the defendants, who were stockholders when the suit was commenced, were not stockholders when the indebtedness accrued which was sought to be enforced in the action, and upon this finding gave judgment for these two defendants, that they were not liable to assessment.
*80 Upon this record there are two errors:
1. In an action of this kind all the owners of stock are necessary parties, Rev. Stats, § 3260 ; Wright v. McCormick, 17 Ohio St., 86; Winsted v. Buskirk, Id., 113; Brown v. Hitchcock, 36 Id., 667; Wheeler v. Faurot, 37 Id., 26. The defendants Kling and Moss, according to the statements of the petition, were the owners of about one-fourth of the whole stock of the corporation, and without showing that these defendants could not have been served with process, and made to bear, their share of the burden, the whole indebtedness of the corporation is assessed upon the remaining stockholders.'
The court in the decree finds that Kling and Moss were not residents of Ohio. Upon what averment or in what other way this finding was made is impossible to determine, as it was not averred in any pleading in the case, and the record shows that the decree was taken on failure to answer by any of the defendants, except the two who set up claims. But the finding that they were not residents of Ohio was not conclusive of the fact that they' could not have been served with process in the action. The return of the summons being silent as to these defendants, did not show that they could not have been served. In proceeding to give judgment against the defendants properly before the court, without conclusive proof by the return of the sheriff, and in fact, that these defendants were beyond the process of the court, was error.-
2. The court found that the defendants Lewis G. Schumm and O. P. Bonewitz were not the owners of stock at the time the indebtedness to the plaintiff accrued, and thereupon gave judgment for them, that they were not liable to assessment as other stockholders were. The petition averred that they were stockholders at the commencement of the action. And no denial of this averment was made by answer or otherwise. The finding- that they were not the owners of stock at the time the debt to the plaintiff accrued did not authorize a judgment for these defendants. If the finding had been, that the stock they held *81 when the action was commenced had not been sold by the corporation until after the debt of the plaintiff had accrued, the judgment would have been proper. If the stock held by these defendants had, before the debt accrued to the plaintiff, been sold by the corporation, and they afterwards became the owners of it, they would be primarily liable to the creditors of the corporation. Brown v. Hitchcock, 36 Ohio St., 667.

Judgment reversed.